COMMONWEALTH of PENNSYLVA-
NIA, et al., Plaintiffs,

v.

UNITED STATES of America, et
al., Defendants.

Civ. A. No. 83–0380.

United States District Court,
M.D. Pennsylvania.

March 15, 1984.

LeRoy S. Zimmerman, Atty. Gen., Louis J. Rovelli, Kathleen F. McGrath, Deputy Attys. Gen., Harrisburg, Pa., for plaintiffs.

James W. Walker, Asst. U.S. Atty., Scranton, Pa., Lewis K. Wise, Anne L. Weismann, Dept. of Justice, Civil Div., Washington, D.C., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

■ Cross motions for summary judgment in this case were referred to Magistrate Raymond J. Durkin for the preparation of a report and recommendation for disposition. Now before the court are the Magistrate's report, filed January 13, 1984, and plaintiffs' objections to that report together with defendants' response. Pursuant to 28 U.S.C. § 636(b)(1), we are required to review *de novo* those portions of the report to which objection is made.

The factual background of this case has been fairly stated by the Magistrate in his report and we will but briefly restate it here. The Aid to Families with Dependent Children program (AFDC) provides that federal grants may be given to a state for providing such assistance to low income families with dependent children. The program is state administered but jointly funded, 57% of the funding provided by the federal government, 43% by the state. 42 U.S.C. §§ 601–15. Supplemental Security Income (SSI) by contrast is a federally funded, federally administered program which makes monies available for low income individuals who are blind, aged or disabled. 42 U.S.C. § 1381–1383c.

Determination of entitlement to SSI benefits may take a period of months, during which qualified individuals may receive AFDC payments. If entitlement to SSI benefits is established, however, the full amount of any AFDC benefits received by the claimant is deducted from any retroactive SSI benefits to which he may be entitled. Plaintiff contends that when this occurs, the Commonwealth should be reimbursed to the extent of its contribution to the AFDC payments.[1] The Magistrate disagreed and recommended that summary judgment be entered in defendants' favor. We concur with the Magistrate's conclusions.

As authority for their position, plaintiffs cite 42 U.S.C. § 602(a)(24) which provides:

---

1. This result was accomplished, prior to July 1, 1983, by the SSA considering state AFDC benefits under some circumstances as a loan to the AFDC recipient. This occurred if an AFDC recipient executed an agreement to repay the Department of Public Welfare the amount of the AFDC payments upon receipt of retroactive SSI benefits. The SSA would then exclude the state portion of AFDC benefits from the individual's countable income for SSI purposes. This practice prevailed in Pennsylvania only and was abolished as of July 1, 1983 to bring the practice in Pennsylvania in conformity with that in all other states.

[I]f an individual is receiving [SSI] benefits under subchapter XVI of this chapter, then, for the period for which such benefits are received, such individual shall not be regarded as a member of a family for purposes of determining the amount of the [AFDC] benefits of the family under this subchapter and his income and resources shall not be counted as income and resources of a family under this subchapter.

This language, plaintiffs argue, expresses the clear legislative intent that receipt of SSI bars simultaneous receipt of AFDC and that SSI coverage be primary. The Commonwealth, therefore, should be entitled to reimbursement as described above.

Further, plaintiffs argue that reimbursement is mandated by 42 U.S.C. § 1383(g), since the Commonwealth, through AFDC, has provided an interim benefit to successful SSI claimants:

(1) Notwithstanding subsection (d)(1) of this section and subsection (b) of this section as it relates to the payment of less than the correct amount of benefits, the Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State (or a political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision).

Benefits refer to SSI payments and the term "interim assistance" means "assistance financed from State or local funds and furnished for meeting basic needs during the period..."

Defendants argue that the statutory language just quoted is inapplicable to the present case, since it is meant to provide reimbursement only for wholly state funded benefits which the state is not otherwise obligated to disburse. Further, defendants argue, AFDC benefits constitute income

which properly reduces the amount of retroactive SSI benefits, rather than resulting in a "recoupment" of funds by the federal government.

■ We find defendants' position more appealing than plaintiffs' and their arguments more persuasive. By statute, retroactive SSI benefits are reduced by the amount of income received by an individual during the determination period, unless the income falls within enumerated exclusions. 42 § 1382a(b). The AFDC payments do not fall within the statutory exclusions and thus properly reduce the amount of retroactive SSI benefits. This result is not barred by the language and intent of 42 § 602(a)(24) as suggested by the plaintiffs. That section speaks only to an individual's eligibility for AFDC benefits and renders an individual ineligible for such payments when he is *"receiving* [SSI] benefits under subchapter XVI of this chapter." (emphasis added). It is clear that, during the SSI determination period, an applicant does not *receive* SSI benefits, although he may later be found *eligible* to receive such benefits. When he does receive SSI benefits, the Commonwealth is obligated to terminate his AFDC payments. Thus, 42 § 602(a)(24) does not restrict AFDC payments during the determination period, nor does it require the adjustment suggested by plaintiffs. It addresses only the state's obligation with respect to AFDC eligibility when an individual is receiving SSI benefits.

■ We agree with the Magistrate that the Commonwealth is not entitled to reimbursement for payment of "interim assistance" pursuant to 42 § 1383(g). The Secretary's interpretive regulation provides that "interim assistance" does not include assistance payments financed wholly or partly with federal funds. 20 C.F.R. 1902. We agree with the Magistrate that *Zambardino v. Schweiker,* 668 F.2d 194 (3d Cir.1981), although not directly on point, suggests that the Secretary's interpretation in this regard should be upheld.[2]

An appropriate order will be entered.

2. The interpretation is reasonably based upon a

perception that the legislative history of 42

§ 1383(g) indicates that it was intended as incentive for states to voluntarily provide interim assistance when not otherwise obliged to do so. In this case, the Commonwealth was obligated to provide AFDC benefits to qualified individuals, having elected to participate in the AFDC program.