Eldora Gleim, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 15, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Stephen R. Krone,* with him *G. David Pauline,* for petitioner.

*Mary F. Grabowski,* Assistant Attorney General, with her *Linda M. Gunn,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 8, 1980:

This appeal is a challenge to the method of computation utilized by the Pennsylvania Department of Public Welfare (DPW) in calculating Aid to Families with Dependent Children (AFDC). Eldora Gleim applied for AFDC on May 8, 1978. For purposes of computing the monthly grant, DPW included James E. Gleim within the family unit and considered a portion of his income as available to the family's support. Eldora Gleim contends that her husband's inclusion in the family unit for AFDC grant purposes was improper under Section 602(a)(24) of the Social Security Act[1] which provides:

a. A State plan for aid and services to needy families with children must. . . .

. . . .

(24) provide that if an individual is *receiving* [SSI] benefits under subchapter XVI of this chapter, then, *for the period for which such benefits are received,* such individual shall not be regarded as a member of a family for purposes of determining the amount of the benefits of the family under this subchapter and his income and resources shall not be counted as income and resources of a family under this subchapter. . . . (Emphasis added.)

The question on appeal is whether James Gleim was a "recipient" of Supplemental Security Income (SSI) benefits within the meaning of the statute at the time of DPW's grant determination.

---

[1] 42 U.S.C. §602(a)(24).

It is undisputed that Gleim was found by the Social Security Administration (SSA) to be eligible for SSI benefits as of April 8, 1978. However, SSA neglected to send official notification and accompanying retroactive payments until August 9, 1978. DPW contends that, in consequence, Gleim was not a "recipient" within the terms of the Act until August 9, 1978, and that his inclusion in the family unit was proper. The Geims, on the other hand, argue that Mr. Gleim became a "recipient" as of April 8, 1978, the date commencing his eligibility.

It is axiomatic that a statute may not be construed to reach an absurd or illogical result, and that in the absence of special intent statutory language must be given its clear and plain meaning.

Under 42 U.S.C. §602(a)(24), if an individual is receiving SSI benefits, then *"for the period for which such benefits are received"* (emphasis added) his income and resources shall not be considered as available to other family members.

Gleim received SSI benefits for the entire period between April 8, 1978 and August 9, 1978, although official notice was not received and payments were not paid until August 9, 1978. Therefore, under the plain language of the statute, Gleim became a recipient at that date which SSA found him to be eligible, April 8, 1978, and his inclusion within the family unit for AFDC grant purposes beyond that date was improper.

Further, it must be noted that the interpretation urged by DPW leads to illogical and inconsistent results. DPW would have us hold that an individual is not a "recipient" until he is in actual receipt of official notice of eligibility and the attendant payments. Thus, two persons might be declared eligible on the same day, for example, April 8, 1978, but because of processing delays at the SSA level become "recipients" under the statute on widely varying dates.

The Gleims next contend that they are entitled to a one-time lump sum grant under eligibility manual Regulation 227.24(d)(1)(ii),[2] which provides:

d. . . . .

(1) General. A one time grant may be authorized only when any of the following occurs:

. . . .

(ii) A recipient has been underpaid because of a change in need or due to administrative error or delay. This will include instances in which the agency requires the recipient to obtain substantiation from a third party and that party causes the error or delay.

We agree.

The record evidences and opposing counsel concedes that DPW required claimant to substantiate her husband's eligibility for SSI with formal notification papers and that the delay in receipt of notice was due entirely to SSA and not any act of the appellants. The Gleims fit squarely within the language of the regulation which provides for retroactive payments when delay or error is caused by a third party.[3]

Accordingly, we

## Order

And Now, this 8th day of January, 1980, the decision of the Pennsylvania Department of Public Welfare is reversed, and the case is remanded for a one

---

[2] 55 Pa. Code §227.24(d)(1)(ii).

[3] Nothing in this opinion, however, should be construed to require DPW to treat each applicant for SSI as a recipient or forbid it from requiring adequate proof of eligibility before excluding an individual from the family unit. However, as of the date which SSA declares the individual eligible to receive SSI, he shall be considered a "recipient" under the Act and any underpayments or errors made in AFDC grants due to SSA's delay in providing adequate assurance should be remedied under the one time grant provisions of 55 Pa. Code §227.24(d)(1)(ii).

time grant of benefits under 55 Pa. Code §227.24(d)
(1)(ii).

This decision was reached prior to the expiration
of the term of office of Judge DiSalle.