752 F.2d 795
 8 Soc.Sec.Rep.Ser. 215
 COMMONWEALTH OF PENNSYLVANIA and Pennsylvania Department of
Public Welfare and Cohen, Walter W., in his
official capacity as Secretary of the
Pennsylvania Department of Public Welfare
v.
UNITED STATES of America and United States Department of
Health and Human Services and Heckler, Margaret M., in her
official capacity as Secretary of the United States
Department of Health and Human Services and Social Security
Administration and Svahn, John A., in his official capacity
as Commissioner of the Social Security Administration.
Appeal of COMMONWEALTH OF PENNSYLVANIA and the Pennsylvania
Department of Public Welfare and Walter W. Cohen,
Secretary of the Pennsylvania Department
of Public Welfare.
 No. 84-5257.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 18, 1984.
Decided Dec. 6, 1984.
 
 Kathleen F. McGrath (argued), Andrew S. Gordon, Deputy Attys. Gen., Allen C. Warshaw, Deputy Atty. Gen., and Chief, Litigation Section, Carol Genduso, Asst. Gen. Counsel, Harrisburg, Pa., for appellants.
 David Dart Queen, U.S. Atty., Harrisburg, Pa., Richard K. Willard, Acting Asst. Atty. Gen., Robert S. Greenspan and John S. Koppel (argued), Attys., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., for appellees.
 Before GIBBONS, BECKER and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Senior Circuit Judge.
 
 I. Procedural History
 
 1
 Plaintiffs are the Commonwealth of Pennsylvania, which partially funds the Aid to Families with Dependent Children (AFDC) program, its Department of Public Welfare (DPW), and the state agencies and officers responsible for implementing the AFDC program. Defendants are the United States, its Department of Health and Human Services (HHS), and its agencies and officers responsible for administering the Supplemental Security Income (SSI) program.
 
 
 2
 Plaintiffs appeal from a summary judgment in favor of defendants in an action for declaratory and injunctive relief. Plaintiffs sought a declaratory judgment that defendants' practice of deducting from SSI payments the amount of AFDC payments made to SSI recipients during the period in which SSI eligibility is determined, without returning any of that amount to the Commonwealth, is illegal. Plaintiffs also sought a mandatory injunction ordering defendants to reimburse the Commonwealth for the state-funded portion of the amount so deducted.
 
 
 3
 Because no material facts were in dispute, the parties filed cross-motions for summary judgment. The matter was referred to a magistrate for a recommendation and report, pursuant to 28 U.S.C. Sec. 636(b) (1982). The magistrate recommended that defendants' motion be granted and plaintiffs' motion denied. Plaintiffs then filed objections to the magistrate's recommendation. On March 15, 1984, the district court adopted the magistrate's recommendation, and on April 9, 1984, plaintiffs filed a Notice of Appeal from that order.
 
 
 4
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982). We will affirm the judgment of the district court.II. Facts
 
 
 5
 Aid to Families with Dependent Children (AFDC) is a public-assistance scheme established by federal statute. See 42 U.S.C. Secs. 601-615 (1982). Under the program, the federal government makes grants to partially fund eligible state programs that provide cash assistance to low-income families with dependent children. In Pennsylvania, 57% of the AFDC program is funded by the federal government, and 43% is funded by the state government. Although the program is jointly funded by the federal and state governments, it is administered by the states. To receive grants from the federal government, a state must submit an AFDC plan to HHS that conforms with both statutory and regulatory requirements. See 42 U.S.C. Sec. 602 (1982).
 
 
 6
 The SSI program, which is another public assistance program established by federal statute, see 42 U.S.C. Secs. 1381-1383 (1982), provides cash grants to low-income individuals who are aged, blind, or disabled. 42 U.S.C. Sec. 1381 (1982). This program is fully administered by the federal government; application for benefits is made to the Social Security Administration (SSA), which determines eligibility and benefit levels. With minor exceptions not relevant to this case, the SSI program is federally funded.
 
 
 7
 An applicant for SSI benefits is entitled to those benefits as of the first day of the month in which he or she satisfies all the eligibility requirements and has applied for benefits. See 20 C.F.R. Secs. 416.330 & 416.335 (1984). Yet, after a person applies for SSI benefits, the SSA takes a significant period of time to determine the applicant's eligibility for benefits and to begin making payments. This period of time--between the first date of SSI eligibility and the date of the first SSI payment--will be hereinafter referred to as the "determination period."[1] Once a person is deemed eligible for SSI benefits, he initially receives a retroactive, lump-sum payment for all benefits accrued during the determination period.
 
 
 8
 During the SSI determination period, some SSI applicants receive AFDC payments. If an applicant is subsequently determined eligible for SSI benefits, the SSA deducts from its initial, retroactive, lump-sum payment an amount equal to the amount of AFDC aid received by that individual during the determination period. The SSA does not transfer to the states any of the amount so deducted.
 
 
 9
 Plaintiffs contend that because the Commonwealth contributes 43% of AFDC funds paid to resident SSI recipients during the determination period, the SSA should reimburse the Commonwealth 43% of the amount deducted from the recipient's retroactive, lump-sum SSI payment covering that period. Plaintiffs rely on the language of, and policies underlying, 42 U.S.C. Sec. 602(a)(24), a provision of the AFDC program which states generally that, if a person is receiving SSI benefits, he or she may not receive AFDC benefits for the period for which SSI benefits are received. 42 U.S.C. Sec. 602(a)(24) (1982). Plaintiffs argue that section 602(a)(24) requires that, for the SSI determination period, eligible SSI recipients should receive full retroactive SSI benefits and, further, that any AFDC payments made to the recipients during that period should be returned. Therefore, plaintiffs contend, AFDC aid that is paid to SSI recipients during the determination period is not "income" that is deductible from SSI benefit payments under 42 U.S.C. Sec. 1382(b). Consequently, plaintiffs argue, if the SSA continues its practice of deducting the amount of AFDC payments from retroactive, lump-sum SSI payments, then the amount of the state-funded portion of those AFDC payments should be returned to the Commonwealth by the SSA. Finally, as an alternative argument, plaintiffs contend that AFDC is a type of "interim assistance" provided by the Commonwealth, the amount of which is deductible from SSI benefit payments but which must be returned to the Commonwealth pursuant to 42 U.S.C. Sec. 1383(g)(1).
 
 
 10
 Defendants counter that section 602(a)(24) does not apply to SSI recipients during the determination period. They further assert that AFDC assistance paid to SSI recipients during the determination period is "income" to the recipients, as defined by 42 U.S.C. Sec. 1382(b) (1982), which is deductible from SSI payments. Finally, they argue that AFDC payments made during the determination period do not fall within the definition of reimbursable "interim assistance" under 42 U.S.C. Sec. 1383(g).
 
 
 11
 Before considering each of the statutory arguments raised by the defendants, it is important to specify the scope of our review of the HHS policy at issue here. It is now well settled that a reviewing court must accord substantial deference to an agency's interpretation of a statute that the agency is directed by Congress to implement. See, e.g., Blum v. Bacon, 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982); Thorpe v. Housing Authority, 393 U.S. 268, 276, 89 S.Ct. 518, 523, 21 L.Ed.2d 474 (1969). Accordingly, when a statutory scheme or the statutory language fairly admits of several interpretations, a reviewing court must uphold the agency's interpretation if it is reasonable, notwithstanding the court's belief that some other policy was preferable. See, e.g., Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). The Commonwealth's burden of proof in this case is therefore significant: it must persuade us that the statutory provisions of AFDC and SSI and their underlying policies compel the Secretary to reimburse states for their share of AFDC benefits paid to recipients during the SSI determination period.
 
 III. 42 U.S.C. Sec. 602(a)(24)
 
 12
 Section 602(a)(24) outlines the requirements for federal grants to state programs that provide financial aid to families with dependent children. The section states that if an individual is receiving SSI benefits, then "for the period for which such benefits are received," such individual may not be regarded as a member of the family for the purpose of determining the amount of AFDC benefits his family receives. 42 U.S.C. Sec. 602(a)(24) (1982). In other words, the section provides that a person may not receive AFDC aid for the period for which he receives SSI benefits.
 
 
 13
 Plaintiffs contend that a proper interpretation of section 602(a)(24) requires defendants to reimburse plaintiffs for the amount deducted from recipients' retroactive, lump-sum SSI payments on account of AFDC aid received. Plaintiffs claim that, without such reimbursement, plaintiffs are, in effect, subsidizing the SSI program with AFDC payments contrary to section 602(a)(24). Plaintiffs further contend that the longer the SSA takes to determine that a Pennsylvania resident is eligible for SSI, the greater the amount of subsidization. This is because the longer the determination period lasts, the greater the amount of AFDC aid that is provided during the period and, subsequently, the greater the amount deducted from retroactive SSI payments. Thus, plaintiffs argue, the longer the determination period, the more money the SSA saves through its deduction practice.[2]
 
 
 14
 Plaintiffs assert that there are three general congressional policies that are contradicted by defendants' challenged practice. Two of these policies underly the enactment of section 602(a)(24). First, there should be no simultaneous payment of AFDC and SSI benefits to a person. Second, if a person is eligible for both, he should receive SSI, not AFDC. The third policy is derived from the legislative history of the SSI program itself: SSI should be fully funded by the federal government.[3] Defendants generally agree with the existence of these policies but claim there is no conflict between the policies and the practice of not reimbursing plaintiffs for deductions made from SSI on account of AFDC aid. Defendants maintain that section 602(a)(24) is designed to prevent a person from receiving full benefits from both SSI and AFDC simultaneously ("double-dipping"), see Zambardino v. Schweiker, 668 F.2d 194, 200 (3d Cir.1981); Fitzgerald v. Schweiker, 538 F.Supp. 992, 1001 (D.Md.1982), and that their policy of deducting AFDC payments from SSI benefits prevents double-dipping.
 
 
 15
 Moreover, defendants argue that section 602(a)(24) does not apply to persons who receive SSI benefits paid retroactively for the period during which the SSA determined their eligibility. Defendants assert that the section applies to persons once they receive their first SSI payment and only for the period subsequent to that first payment. The district court agreed with defendants' position, stating:
 
 
 16
 "That section speaks only to an individual's eligibility for AFDC benefits and renders an individual ineligible for such payments when he is 'receiving [SSI] benefits under subchapter XVI of this chapter.' (emphasis added). It is clear that, during the SSI determination period, an applicant does not receive SSI benefits, although he may later be found eligible to receive such benefits.... Thus, 42 [U.S.C.] Sec. 602(a)(24) does not restrict AFDC payments during the determination period, nor does it require the adjustment suggested by plaintiffs. It addresses only the state's obligation with respect to AFDC eligibility when an individual is receiving SSI benefits."
 
 
 17
 Commonwealth of Pennsylvania v. United States, 581 F.Supp. 1238, 1240 (M.D.Pa.1984).
 
 
 18
 Notwithstanding the district court's analysis, it is not altogether clear whether section 602(a)(24) applies only to the time period during which an individual is actually receiving SSI benefit payments. For example, the language of the provision directs that a person may not be considered a part of an AFDC family "for the period for which such [SSI] benefits are received." Because an eligible SSI recipient begins to accrue benefits at the time he or she applies for benefits and because he or she is paid SSI benefits retroactively for the period between application and determination of eligibility, it would be reasonable to conclude that the SSI determination period is one for which SSI benefits are received. See Fitzgerald v. Schweiker, 538 F.Supp. at 1002 (the intent of section 602(a)(24) is "readily applied to the retroactive period"). On the other hand, the district court's analysis is quite plausible, too. In light of our limited scope of review of the Secretary's policy, however, it is enough that the policy is based on a reasonable reading of section 602(a)(24).
 
 
 19
 The Secretary's implementation of section 602(a)(24) is consistent with other parts of the AFDC and SSI statutory schemes. In 42 U.S.C. Sec. 1383(g), Congress provided for the withholding of an amount from the lump-sum benefits paid to new SSI recipients sufficient to reimburse the states for certain assistance payments made to SSI applicants during the SSI determination period. Congress did not, however, provide in this section (or in any other section of the SSI enabling legislation) for the repayment to states for their share of AFDC benefits paid during the SSI determination period. Such an omission from the provision that specifically controls the repayment to states for benefits that they provide to SSI applicants is significant. The Commonwealth's argument simply puts too much emphasis on a statutory provision (42 U.S.C. Sec. 602(a)(24)) that was intended to establish rules for the state administration of the AFDC program, rather than to control federal reimbursements to states for the benefits that they pay to SSI applicants during the determination period.
 
 
 20
 Finally, we believe that it is important to point out that Congress could have required the Secretary to reimburse the states for their share of AFDC benefits paid during the SSI determination period by including explicit language in either of the two statutes. No such language was included. Given its responsibility for the federal fisc, we cannot say that it was unreasonable for Congress not to so require. Cf. Schweiker v. Wilson, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). We are therefore unable to conclude, given our narrow scope of review, that the Secretary's policy is contrary to law.
 
 IV. "Income" Under 42 U.S.C. Sec. 1382(b)
 
 21
 Plaintiff's second argument is that AFDC benefits paid during the SSI determination period do not constitute income for purposes of SSI. SSI benefits paid to a recipient are required to be reduced by the amount of income that a recipient receives. 42 U.S.C. Sec. 1382(b) (1982). The SSI program excludes certain types of income from the deduction requirement. 42 U.S.C. Sec. 1382a(b)(1-13) (1982). Plaintiffs contend that AFDC payments made to SSI recipients during the SSI determination period should fall under the exclusion created by 42 U.S.C. Sec. 1382a(b)(6).
 
 
 22
 Section 1382a(b)(6) excludes from the definition of income "assistance, furnished to or on behalf of such individual (and spouse), which is based on need and furnished by any State or political subdivision of a State." 42 U.S.C. Sec. 1382a(b)(6) (1982). Plaintiffs contend that the state-paid portion of AFDC satisfies the definition of section 1382a(b)(6) because AFDC aid is based on need and the state-funded portion of the aid is furnished by a state. Plaintiffs therefore argue that the amount of the state-funded portion of AFDC aid paid to persons during the SSI determination period should not be deducted from SSI benefit payments. Alternatively, they argue, it should be deducted and transferred to the Commonwealth so as to cause the same financial result for the Commonwealth as if the AFDC payments had never been made during the determination period and eligible SSI recipients had instead received their full SSI benefits for that period.
 
 
 23
 Nevertheless, the Secretary of Health and Human Services has promulgated a regulation interpreting section 1382a(b)(6) that clearly prevents AFDC aid from falling within the scope of that section. The regulation states that section 1382a(b)(6) refers to assistance that is "wholly funded by a state or one of its political subdivisions." 20 C.F.R. Sec. 416.1124(c)(2) (1984). Because AFDC payments are only partially funded by the state, they do not fall within the scope of section 1382a(b)(6) and thus are not excludable income for the purpose of determining the amount of SSI benefits. In fact, the regulation specifically mentions AFDC as a type of aid not qualifying for exclusion.[4]
 
 
 24
 This court has considered a challenge to 20 C.F.R. Sec. 416.1124(c)(2) and has held that, in promulgating this regulation, the Secretary has reasonably construed section 1382a(b)(6).[5] Zambardino v. Schweiker, 668 F.2d 194, 199-200 (3d Cir.1981). In Zambardino, this court reviewed the legislative history of section 1382a(b)(6) and determined that the section was designed to encompass "emergency and special needs assistance," not long-term assistance such as AFDC. Id. at 199; see S.Rep. No. 1265, 94th Cong., 2d Sess. 29, reprinted in 1976 U.S.Code Cong. & Ad.News 5997, 6023. We agree with the holding in Zambardino that 20 C.F.R. Sec. 416.1124(c)(2) is consistent with Congress's intent in enacting section 1382a(b)(6) as expressed in the legislative history of the Unemployment Compensation Amendments of 1976. See Zambardino, 668 F.2d at 201.
 
 
 25
 Plaintiffs contend that the Zambardino decision was based, at least in part, on the recognition that a state could still recoup the state-funded portion of AFDC aid it provided to SSI recipients during the SSI determination period without causing the recipients to have a net loss in benefits for that period. This is because, at the time of the Zambardino decision, the SSA treated the state portion of AFDC payments that were subsequently recouped by a state as a "loan." The SSA would, therefore, not deduct as "income" the amount of such loans from retroactive, lump-sum, SSI benefit payments. See Zambardino, 668 F.2d at 197; Moore v. Colautti, 483 F.Supp. 357, 362 (E.D.Pa.1979), aff'd, 633 F.2d 210 (3d Cir.1980).
 
 
 26
 The SSA has now informed plaintiffs that it will no longer consider AFDC payments as loans under any circumstances (see 16A-17A). Thus, SSA will reduce retroactive SSI benefit payments by the amount of AFDC payments made during the SSI determination period even if the state recoups all or part of the AFDC payments from the recipient.[6] Nevertheless, this change in practice by the SSA does not warrant a departure by this court from its decision in Zambardino. AFDC payments made during the SSI determination period still clearly constitute "income" that must be deducted from SSI payments under section 1382a(b)(6) and 20 C.F.R. Sec. 416.1124(c)(2).
 
 
 27
 Moreover, there is no reason for the SSA to return the amounts so deducted. The SSA is not, as plaintiffs assert, retaining the Commonwealth's portion of AFDC payments. The recipient retains any AFDC payments made during the determination period. The SSA merely deducts the amount of those payments from retroactive, lump-sum payments as part of the calculation of total SSI benefits. The recipient is entitled to no more SSI benefits for the determination period than that which he receives from the SSA. Thus, there is no state subsidy of the SSI program.
 
 
 28
 V. "Interim" Assistance Under 42 U.S.C. Sec. 1383(g)
 
 
 29
 The SSA is statutorily authorized to withhold from SSI benefit payments an amount sufficient to reimburse states for "interim assistance" provided to SSI recipients during the SSI determination period. 42 U.S.C. Sec. 1383(g) (1982). Plaintiffs contend, as an argument in the alternative, that the state-funded portion of AFDC provided to eligible SSI recipients during the SSI determination period is such "interim assistance," for which they should be reimbursed.
 
 
 30
 For the purposes of section 1383(g), "interim assistance" is defined as "... assistance financed from State or local funds and furnished for meeting basic needs ..." during the SSI determination period. 42 U.S.C. Sec. 1383(g)(3) (1982). The Secretary of HHS has promulgated a regulation narrowing this definition to exclude assistance payments "... financed wholly or partly with Federal funds." 20 C.F.R. Sec. 416.1902 (1984). Thus, although AFDC aid is assistance furnished to meet recipients' basic needs, it does not qualify as reimbursable "interim assistance" because it is partly financed by federal funds. Plaintiffs contend that the Secretary's regulation interpreting section 1383(g)(3) is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
 
 
 31
 The Secretary's interpretation of section 1383(g) is substantially supported by the legislative history of that provision. Senator Taft, the sponsor of the amendment that later was codified at 42 U.S.C. Sec. 1383, stated that the legislation was designed to encourage states to develop new "emergency assistance programs" for SSI applicants awaiting determination of their eligibility status. 120 Cong.Rec. 20968 (remarks of Senator Taft); see also Inman v. Department of Social Services, 98 Mich.App. 266, 271, 296 N.W.2d 232, 235 (1980) (section 1383(g) was enacted to provide an incentive for states to develop interim assistance programs "where there [was] no duty to so provide"). The AFDC program had already been in existence for a long time prior to the enactment of section 1383(g).[7] Moreover, AFDC aid cannot be characterized properly as "emergency" assistance. Given our narrow scope of review of the Secretary's action, we must conclude that the promulgation of 20 C.F.R. Sec. 416.1902 (1984) was a lawful exercise of the Secretary's discretion.[8]
 
 VI.
 
 32
 In summary, defendants may legally deduct from retroactive SSI benefit payments the amount of AFDC aid received by an SSI recipient during the SSI determination period. AFDC aid received during that period constitutes "income" to the recipient, which is not excludable from SSI benefit calculations under 42 U.S.C. Sec. 1382a(b)(6). Moreover, AFDC aid does not constitute "interim assistance" as defined by 42 U.S.C. Sec. 1383(g)(3), and thus defendants may not reimburse plaintiffs for the state-funded portion of such aid provided to SSI recipients during the SSI determination period.[9]
 
 
 33
 The district court order and judgment of March 15, 1984, will therefore be affirmed.
 
 
 
 [1]
 It is alleged by plaintiffs and not refuted by defendants that this period often exceeds six months and is sometimes as long as nine months
 
 
 [2]
 Plaintiffs do not contend that the SSA purposely delays its determination of SSI eligibility in an effort to save money
 
 
 [3]
 See H.R.Rep. No. 231, 92nd Cong., 2d Sess. 4, reprinted in 1972 U.S.Code Cong. & Ad.News 4989, 4992 ("... the cost of maintaining these basic benefit levels for the aged, blind, and disabled will be borne entirely by the Federal Government"); Schweiker v. Gray Panthers, 453 U.S. 34, 38, 101 S.Ct. 2633, 2637, 69 L.Ed.2d 460 (1981) ("Under SSI, the Federal Government displaced the States by assuming responsibility for both funding payments and setting standards of need.")
 
 
 [4]
 20 C.F.R. Sec. 416.1124(c)(2) states in part:
 "Assistance based on need includes State supplementation of Federal SSI benefits as defined in Subpart T of this part but does not include payments under a Federal/State grant program such as Aid to Families with Dependent Children under title IV-A of the Social Security Act; ...."
 
 
 [5]
 At the time the Zambardino case was initiated, the regulation at issue was codified at 20 C.F.R. Sec. 416.1151(a)(2) (1979)
 
 
 [6]
 Prior to the recent policy change by the SSA, the Commonwealth of Pennsylvania could avoid the loss of the state-funded portion of AFDC payments made during the determination period without causing a net loss in benefits to the recipient. The Commonwealth could seek reimbursement from the SSI recipient of the state-funded portion of AFDC benefits paid during the determination period, and the SSA would then not deduct as income the amount recouped by the Commonwealth. Under the present SSA policy, if the Commonwealth recoups AFDC payments from SSI recipients, the amount recouped will still be deducted as income from retroactive SSI benefit payments. The recipient will, therefore, suffer a net loss of the amount of aid recouped by the state. It is for this reason that the Commonwealth chooses not to seek recoupment of AFDC payments made to SSI recipients during the SSI determination period, though the state may be statutorily entitled to do so. See Pa.Stat.Ann. tit. 62 Sec. 1974 (Purdon 1968)
 
 
 [7]
 The AFDC program was originally established by the Social Security Act of 1935, Pub.L. No. 271, 49 Stat. 620
 
 
 [8]
 Furthermore, we reject plaintiffs' contention that the state-funded portion of an AFDC assistance payment can be separated out from the entire payment and be considered as wholly state-funded interim assistance. Interim assistance is defined by 20 C.F.R. Sec. 416.1902 to "not include assistance payments financed wholly or partly with Federal funds." Plaintiffs' proposal to construe the state portion of jointly funded assistance as reimbursable "interim assistance" would render meaningless the phrase "or partly" in section 416.1902 because all assistance not wholly funded by the federal government would then qualify as at least partially reimbursable interim assistance under 42 U.S.C. Sec. 1383(g)
 
 
 [9]
 Our decision does not leave plaintiffs without a forum in which to present their argument that the interaction between the AFDC and SSI statutory schemes effectively results in state subsidization of SSI benefit payments during the SSI determination period. Plaintiffs are still free to persuade the Congress that statutory changes are necessary to rectify any inequities in the present system